# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

APR 16 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

| | |
|---|---|
| **JEREMY F. NEWBOLT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 08-413-RAW-KEW** |
| ) | |
| **MARTY SIRMONS, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, attacks his conviction in Creek County District Court Case Number CRF-1999-7B for Possession of a Stolen Vehicle (Count 1), Knowingly Concealing Stolen Property (Count 2), and Unlawful Possession of a Controlled Drug (Count 3).

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner entered a plea of guilty in CRF-1999-7B and was sentenced on January 27, 1999. He did not seek to timely withdraw his guilty plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so the conviction became final on February 6, 1999, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. His deadline for initiating a habeas corpus action, therefore, was February 6, 2000. This petition, filed on November 3, 2008, was untimely. He alleges he filed a motion to withdraw his plea to the Creek County District Court, but never received a response. He has provided nothing, however, to substantiate this claim.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #6] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this __16th__ day of April 2009.

> Ronald A. White
> ──────────────
> **RONALD A. WHITE**
> **UNITED STATES DISTRICT JUDGE**